## Case No. 14,207a.

### TRUST CO. et al. v. WEED et al.

[26 Int. Rev. Rec. 132; 14 Phila. 422; 37 Leg. Int. 166.]

Circuit Court, E. D. Pennsylvania. April 6, 1880.

CORPORATIONS—MISAPPLICATION OF FUNDS BY OFFICERS—CONTRACTS BETWEEN OFFICERS AND CORPORATION—HOW VIEWED.

1. The president of a corporation occupies a position of trust and confidence, and is liable to be called upon to account for, and make restitution of, any part of the property confided to his management and care, which he has improperly applied to his own use.

2. Contracts between a president and the corporation, by which the president agrees, in consideration of a certain commission, to effect and become liable for a loan to the company, while looked upon with suspicion and disfavor by the court, may be enforced when shown to have been made for the benefit of the company.

Motion for an injunction to enjoin the sale of collateral. The principal facts appeared as follows: [C. A.] Weed, the defendant, was president of the corporation plaintiff, and by an alleged agreement he procured a loan to the company by one Adams of $10,000, for which he became personally responsible, and for which he alleged an agreement that he was to receive $1,000 for commission. A note of the company was given him, payable to his order, for $10,000, and also cer-

---

[1] [Reported by Hon. Thomas Bee, District Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

tain collaterals, consisting of bonds and stock. The corporation, however, received only $8,000, Weed retaining the commission of $1,000, and $1,000 due him from the company. When the note became due, and was not paid, defendant advertised the collaterals for sale. Plaintiffs moved for an injunction to restrain said sale, on the ground of misapplication of the $2,000 to his own use by the said plaintiffs.

T. A. Freedley and W. H. Rawle, for plaintiffs.

T. Hart, Jr., and J. E. Gowen, for defendants.

BUTLER, District Judge. The bill, we think, presents a case within the equitable cognizance of the court. The defendant, Weed, as president of the corporation plaintiff, occupies a position of trust and confidence; and is liable to be called upon to account for, and make restitution of, any part of the property confided to his management and care, which he has improperly applied to his own use. Jackson v. Ludeling, 21 Wall. [88 U. S.] 616; Oil Co. v. Maubery, 91 U. S. 587; Kochler v. Iron Co., 2 Black [67 U. S.] 721; Drury v. Cross, 2 Wall. [69 U. S.] 299; Great Luxemburg R. Co. v. Magnay, 25 Beav. 586; Cumberland Coal Co. v. Sherman, 30 Barb. 553; Dodge v. Wolsey, 18 How. [59 U. S.] 331; Hill v. Frazier, 10 Har...[22 Pa. St.] 324; Ashurst's Appeal, 10 P. F. Smith [60 Pa. St.] 314; Ang. & A. Corp. (10th Ed.) p. 329, § 312. In addition to this, a part of the property in controversy passed into his hands upon an express trust, set out in the transfer under which he received it; and a trust is acknowledged, as respects all the property, in the third paragraph of the defendant's agreement, marked "Exhibit B," accompanying the bill. We do not, however, see anything to justify restraining the defendant to the extent asked for. The propriety of the contract entered into between him and the corporation is not questioned. While such contracts are looked upon with suspicion and disfavor by the court, they may be enforced when shown to have been made for the benefit of the corporation, and to be just. Oil Co. v. Maubery, 91 U. S. 587. The only complaint here is that Mr. Weed, on receiving the securities, "instead of paying the sum of $10,000 to the corporation, deducted therefrom certain sums, amounting to upwards of $2,000, under various pretences and allegations, that he was entitled to commissions thereon, and other demands, whereby the corporation, plaintiff, did not receive the sum of $10,000, but only received a sum much less in amount, and these sums the said Weed has since declined to pay or account therefor; and the complainants are informed and believe, and so aver, that the defendant has made various other gains and profits from the said transaction, the amount whereof is unknown to the complainants." Whatever balance may be due the defendant,

on account of the loan, the plaintiffs aver their willingness to pay. It appears from the affidavits and exhibits that the defendant retained $1,000 as commission for negotiating the loan, and $1,000 further in payment, as he says, and as the corporation books show, of previous indebtedness to him. There is nothing before us at this time to justify a belief that he retained any more, or that he derived any other benefit from the transaction. Nor does it appear that he has received anything on the stock or bonds, as dividends or interest. As the case stands, therefore, the defendant, Weed, appears to have a just and virtually undisputed claim against the corporation to the extent of $8,000, with the interest due thereon.

The statement in T. H. Green's affidavit that the defendant "took an additional $225" has not been overlooked; but the circumstances that the abstract from the books, which this witness says "is an accurate statement relative to said loan," does not sustain his allegation respecting this sum; that it is not sustained by any entry in the books, so far as appears, while it was the duty of this witness to make an entry, if his statement is correct; that the witness is unsupported by any other evidence, and is contradicted by the defendant; that he fell into a very singular error in giving us the statement relative to said loan, from the books,—forbid a reliance upon this witness' testimony, respecting this sum. Nor have we overlooked the statement of Mr. Wheeler, respecting "other profits," said to be realized by the defendant, Weed. But this statement is contradicted by the defendant, and, of itself, is too shadowy and uncertain to be of value, on this hearing. Why, therefore, should not the defendant be allowed to proceed on his contract to obtain satisfaction of the amount thus appearing to be due? While it is unpaid the plaintiffs have no equity that would justify the court in restraining the defendant from proceeding to this extent. We can only interfere so far as is necessary to protect the plaintiffs against danger of loss from the alleged misapplication of the $2,000 referred to. The "unissued stock" was, as the bill states, left with the company to be applied to the "advancement of its best interests." The directors were thus made the judges of how it could most advantageously be used for this purpose. That they applied it to raising money for the company is not a subject of complaint.

We have treated Mr. Weed as the holder of the securities, as, for the purposes of this hearing, at least, seemed necessary.

An order will be drawn, modifying the decree in accordance with this opinion.

TRUSTEES OF UNIVERSITY (NORTH CAROLINA v.) See Case No. 10,318.

TRUSTY, The (ASHBAHS v.). See Case No. 573a.